**IN THE COURT OF APPEALS OF IOWA**

No. 16-1258
Filed September 28, 2016

**IN THE INTEREST OF K.S. and A.S.,**
**Minor children,**

**V.V., Mother,**
　　　Appellant.

_____

　　　Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

　　　A mother appeals the termination of her parental rights to her children.
**AFFIRMED.**

　　　Michelle M. Jungers of Iowa Legal Aid, Waterloo, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

　　　Melissa A. Anderson-Seeber of Iowa State Public Defender-Waterloo Juvenile Office, Waterloo, guardian ad litem for minor children.

　　　Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

A mother appeals the termination of her parental rights to her two children. Because the mother's untreated mental health issues and reoccurring substance abuse issues prevent the return of the children and termination is in the best interests of these children, we affirm.[1]

## I.  Background Facts and Proceedings.

The family first came to the attention of the Iowa Department of Human Services (DHS) in early 2014, on reports the mother was using methamphetamine while the children—K.S., born 2005, and A.S., born 2008— were in her care.  The mother exhibited erratic behavior and sometimes left the children with friends for days at a time with her whereabouts unknown.  She also associated with adults who engaged in extremely dangerous behavior in the presence of the children.  On the stipulation of all parties, the children were adjudicated in need of assistance on October 23, 2014.  The mother was directed to participate in both mental health and substance abuse treatment, as well as to comply with random drug testing and other offered services.  Although the mother made periodic progress towards the goal of reunification, she had several relapses, which ultimately prompted the State to petition for termination of her parental rights.

The matter came on for hearing on May 23, 2016, after which the district court found the State had proved by clear and convincing evidence the mother's rights should be terminated.  The mother appeals.

---

[1] The father's parental rights were also terminated; he does not appeal.

## II. Standard of Review.

In our de novo review of proceedings terminating parental rights, we employ a three-step statutory framework as fully explained in our case law. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

## III. Statutory Grounds for Termination.

The district court terminated the mother's parental rights under Iowa Code section 232.116(1)(f) and (*l*) (2015). When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Termination of parental rights under paragraph (f) requires the court to find the State proved by clear and convincing evidence: (1) the child is four years of age or older; (2) the child has been adjudicated a child in need of assistance pursuant to section 232.96; (3) the child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days; and (4) there is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102. Iowa Code § 232.116(1)(f). The mother only challenges the findings as to the fourth element, which requires the State establish "[t]he child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance." *See* Iowa Code §§ 232.102(5)(a)(2), .116(1)(f)(4).

For several months after the children were removed, the mother's life was described as being "in a state of constant crisis." She began to make positive

changes in April 2015. By September 2015, she was allowed an additional six months to work towards reunification. Unfortunately, she decided to stop taking her prescribed mental health medications, and by December, she relapsed on methamphetamine. Her visits with the children became erratic. The DHS case worker testified that the mother's periods of significant progress have been marred by her relapses, such that, after more than two years of services, the children could not be returned to the mother's care. The district court echoed that sentiment in finding the mother is capable of short periods of sobriety but "has not been able to extricate herself from the cycle of methamphetamine use, treatment, and relapse." We agree with those findings and that the grounds for termination under Iowa Code section 232.116(1)(f) were proven.

## IV. Best Interests and Impediments to Termination.

The mother also asserts it is not in the children's best interests to have her rights terminated because she has a strong bond with the children. *See* Iowa Code § 232.116(2), (3). The district court found:

> although [the mother] does purport to love her children, she has also placed them in very dangerous situations that could have led to their injury and/or death. Although her children do love her, they would be in danger if they were to be placed with [the mother]. The Court does not believe it would be detrimental to the children to terminate the parental rights as it will prevent [the mother] from again placing her children in dangerous situations.

The mother has been unable to provide for the children's safety and stability. We therefore agree with the district court that, notwithstanding the bond the mother asserts she has with the children, it is in their best interests to terminate the mother's parental rights.

**AFFIRMED.**